| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| WESTERN DISTRICT OF NORTH CAROLINA |
| Case number *(if known)* _____  Chapter **11** |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  Schletter Inc.

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names and *doing business as* names
   
   DBA  Schletter
   DBA  Schletter Incorporated
   DBA  Schletter Solar Mounting Systems
   DBA  Schletter Metal Works

3. **Debtor's federal Employer Identification Number** (EIN)  22-3967572

4. **Debtor's address**

   **Principal place of business**
   
   **1001 Commerce Center Drive**
   **Shelby, NC 28150**
   Number, Street, City, State & ZIP Code
   
   **Cleveland**
   County

   **Mailing address, if different from principal place of business**
   
   _____
   P.O. Box, Number, Street, City, State & ZIP Code
   
   **Location of principal assets, if different from principal place of business**
   
   _____
   Number, Street, City, State & ZIP Code

5. **Debtor's website** (URL)  **https://www.schletter.us/**

6. **Type of debtor**
   ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Debtor **Schletter Inc.** _____  Case number (*if known*) _____
    Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
__3323__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
    ☐ A plan is being filed with this petition.
    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.
☐ Yes.

If more than 2 cases, attach a separate list.

District _____  When _____  Case number _____
District _____  When _____  Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

Debtor _____  Relationship _____
District _____  When _____  Case number, if known _____

Debtor **Schletter Inc.** _____   Case number (_if known_)_____
      Name

| | | |
|---|---|---|
| **11.** | **Why is the case filed in _this district_?** | Check all that apply:<br>■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12.** | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ■ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (_Check all that apply._)<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>   What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other<br>**Where is the property?** _____<br>   Number, Street, City, State & ZIP Code<br>**Is the property insured?**<br>☐ No<br>☐ Yes. Insurance agency _____<br>       Contact name _____<br>       Phone _____ |

■ **Statistical and administrative information**

| | | | | |
|---|---|---|---|---|
| **13.** | **Debtor's estimation of available funds** | Check one:<br>■ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available to unsecured creditors. | | |
| **14.** | **Estimated number of creditors** | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>■ 200-999 | ☐ 1,000-5,000<br>☐ 5001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than100,000 |
| **15.** | **Estimated Assets** | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>■ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |
| **16.** | **Estimated liabilities** | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>■ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |

| Debtor | Schletter Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **April 24, 2018**
                   MM / DD / YYYY

**X** /s/ Russell Schmit             **Russell Schmit**
Signature of authorized representative of debtor     Printed name

Title    **President and CEO**

**18. Signature of attorney**

**X** /s/ Hillary Crabtree           Date **April 24, 2018**
Signature of attorney for debtor                         MM / DD / YYYY

**Hillary Crabtree NC 26500**
Printed name

**Moore & Van Allen PLLC**
Firm name

**100 N. Tryon Street**
**Suite 4700**
**Charlotte, NC 28202**
Number, Street, City, State & ZIP Code

Contact phone   **704-331-1000**     Email address   **hillarycrabtree@mvalaw.com**

**26500 NC**
Bar number and State

ACTION BY WRITTEN CONSENT
OF
BOARD OF DIRECTORS
OF
SCHLETTER INC.

Pursuant to Article III, Section 6, of the Bylaws of Schletter Inc:, (the "Company"), Tom Graf and Oliver Renzow, as all of the members of the Board of Directors, hereby consents to and confirms the following as the act of the Board of Directors of the Company effective on and as of April 24, 2018:

WHEREAS, the Board of Directors have considered the financial and operational conditions of the Company;

WHEREAS, the Board has reviewed, considered, and received the recommendation of senior management of Schletter Inc. and the advice of the Company's professionals and advisors with respect to the options available to the Company, including the possibility of pursuing a sale of the Company's business and assets under chapter 11 of title 11 of the United States Code (as amended or modified, the "Bankruptcy Code");

NOW, THEREFORE, IT IS HEREBY RESOLVED, that after consideration of the alternatives presented to it and the recommendations of senior management of the Company and the advice of the Company's professionals and advisors, the Board has determined in its business judgment that it is in the best interest of the Company, its creditors, shareholders, employees, other interested parties and stakeholders that a voluntary petition be filed by the Company under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of North Carolina and the filing of such petition is authorized hereby (the "Chapter 11 Case"); and it is

FURTHER RESOLVED, that the Board of Directors, the Company's officers, and any other person designated and so authorized to act by a director or officer (collectively, the "Authorized Persons") hereby are, and each of them is, authorized and empowered to (a) execute, verify and file on behalf of the Company all documents necessary or appropriate in connection with the filing of said bankruptcy petition, including, without limitation, all petitions, affidavits, declarations, schedules, statements of financial affairs, lists, motions, applications, pleadings, and other papers or documents in connection with such chapter 11 petition; (b) take and perform any and all actions deemed necessary and proper to obtain such relief as authorized herein and in connection with the Company's Chapter 11 Case; (c) appear as necessary at all bankruptcy proceedings on behalf of the Company; and (d) pay all such expenses where necessary or appropriate in order to carry

CHAR2\2014778v1

out fully the intent and accomplish the purposes of the resolutions adopted herein; and it is

FURTHER RESOLVED, that the Authorized Persons are, and each of them is, authorized and empowered to obtain postpetition financing according to the terms which may be negotiated by the management of the Company, including debtor-in-possession credit facilities or the use of cash collateral (the "DIP Financing"); and to enter into any guarantees and to pledge and grant liens on the Company's assets as may be contemplated by or required under the terms of such DIP Financing; and in connection therewith, the officers of the Company are hereby authorized and directed to execute appropriate loan agreements, cash collateral agreements, and related ancillary documents; and it is

FURTHER RESOLVED, that the Authorized Persons are, and each of them hereby is, authorized and directed to enter into asset purchase agreements, public or private sales between the Company, Schletter GmbH and any purchaser or designees thereof, and each of the ancillary documents to be entered in to in connection therewith (the "Transaction Documents"), and to enter into the transactions and obligations contemplated by the any purchase agreement or transaction documents, subject to bankruptcy court approval in the Company's Chapter 11 Case; and it is

FURTHER RESOLVED, that each Authorized Officer be, and they hereby are, authorized and directed to employ the law firm of Moore & Van Allen, PLLC as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with the power of delegation, are hereby authorized and directed to execute appropriate retention agreements and pay appropriate retainers to retain the services of Moore & Van Allen, PLLC.

FURTHER RESOLVED, that each Authorized Officer be, and they hereby are, authorized and directed to employ any other professionals, financial advisors or claims agent to assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements and pay appropriate retainers to retain the services of any other professionals as necessary.

FURTHER RESOLVED, that each Authorized Officer be, and they hereby are, with power of delegation, authorized, empowered and directed to (i) execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, (ii) appear in all bankruptcy proceedings on behalf of the Company, and (iii) take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper or

desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of such case.

FURTHER RESOLVED, that all instruments, agreements, certificates, consents, waivers or other documents heretofore executed and delivered (or caused to be executed and delivered) and all acts lawfully done or actions lawfully taken by any officer in connection with the Chapter 11 Case, the DIP Financing, the purchase agreement, the Transaction Documents, or any further action to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the Chapter 11 Case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is

FURTHER RESOLVED, that the acts, actions and transactions heretofore taken by the officers or the Board in the name of and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions, which acts, actions and transactions would have been approved by the foregoing resolutions except that such acts were taken before the resolutions were adopted, be, and hereby are, ratified, confirmed, and approved in all respects; and it is

FURTHER RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it is

FURTHER REVISED, that all members of the Board of Directors of the Company have received sufficient notice of the actions and transactions relating to the matters by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and it is

FUTHER REVISED, that these resolutions may be executed and delivered in multiple counterparts and via facsimile or other electronic means, all of which taken together shall constitute one and the same instrument.

CHAR2\2014778v1

As provided in Article III, Section 6, of the Bylaws of Schletter Inc., a copy of this Action by Written Consent shall be filed with the minutes of the proceedings of the Board of Directors.

Dated and effective as of April 24, 2018.

_____
Tom Graf, Chairman of the Board of Directors


_____
Oliver Renzow, Director

CHAR2\2014778v1

**Fill in this information to identify the case:**

Debtor name   **Schletter Inc.**

United States Bankruptcy Court for the:   WESTERN DISTRICT OF NORTH CAROLINA

Case number (if known)  _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration  _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **April 24, 2018**      X  **/s/ Russell Schmit**
                                         Signature of individual signing on behalf of debtor

                                         **Russell Schmit**
                                         Printed name

                                         **President and CEO**
                                         Position or relationship to debtor

Fill in this information to identify the case:

Debtor name **Schletter Inc.**
United States Bankruptcy Court for the: **WESTERN DISTRICT OF NORTH CAROLINA**
Case number (if known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **American Express** 200 Vesey Street New York, NY 10285 | **Larry Nelson** lnessenson@jaffeandasher.com 212 687 3000 (ext. 2600) | **Accounts payable outstanding** | | | | $868,837.22 |
| **AVA Logistics** 3495 Lakeside Drive, Suite 254 Reno, NV 89509-4841 | **Ron Stiegel** Ron.stiegel@eulerhermes.com 224 324 3516 | **Accounts payable outstanding** | | | | $202,800.00 |
| **Champion Tooling & Machining** 3035 Whitehall Rd ANDERSON, SC 29621 | **H. Michael Conner** info@championtooling.com (864) 224-0612 | **Accounts payable outstanding** | | | | $331,252.34 |
| **Coilplus - North Carolina, Inc.** 426 S. Chimney Rock Road Greensboro, NC 27409-9260 | **Chris Urgo** curgo@coilplus.com (847) 384-3002 | **Accounts payable outstanding** | | | | $3,753,664.93 |
| **Crowe Logistics LLC** 541 N. Fairbanks Ct., Suite 2200 Chicago, IL 60611 | **Jack Crowe** jcrowe@crowe-logistics.com 816-352-2911 | **Accounts payable outstanding** | | | | $192,670.00 |
| **Gayk Baumaschinen** Dieselstra e 3 Gro ostheim 096372 Germany | **Sabrina Wenzel** sabrina.wenzel@gayk-baumaschinen.de +49 (0)6026-97885-11 | **Accounts payable outstanding** | | | | $235,655.34 |

Debtor **Schletter Inc.**
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| **Joseph T. Ryerson & Son Inc.** 227 W. Monroe St. 27th Floor Chicago, IL 60606 | **Chuck Byrd** charles.byrd@ryerson.com 501 490 5250 | | **Contingent** | | | $157,004.33 |
| **Kloeckner Metals** 624 Black Satchel Drive Charlotte, NC 28216-3458 | **Scott Phillips** SPhillips@KloecknerMetals.com 678.389.8565 | **Accounts payable outstanding** | | | | $253,187.10 |
| **MI Metals** 7555 E. State Route 69 Prescott Valley, AZ 86314-9468 | **Brook Massey** bmassey@mimetals.com 813-855-5695 | **Accounts payable outstanding** | | | | $1,170,609.55 |
| **NINGBO ZYCO CO., LTD** 500 Taikang Middle Road - Suite 903 Ningbo, 130 00031-5199 China | info@china-zyco.com  86 (0)574 87425050 | **Accounts payable outstanding** | | | | $596,523.55 |
| **OMCO Solar LLC** 4550 W. Watkins St. Phoenix, AZ 85043-4510 | **Brittany Coan** bcoan@omcoform.com 440-373-5317 | **Accounts payable outstanding** | | | | $175,275.00 |
| **Orrick Herrington & Sutcliffe LLP** 405 Howard Street San Francisco, CA 94105 | **Lorrain McGowen** lmcgowen@orrick.com 212-506-5114 | **Accounts payable outstanding** | | | | $429,114.94 |
| **PLS Logistics Services, Inc.** 5119 Reliable Parkway Chicago, IL 60686-0051 | **Kyle Balga** kbalga@plslogistics.com (980) 242-4411 | **Accounts payable outstanding** | | | | $213,500.00 |
| **Productive Tool Corp.** 203 E. Lay Street Dallas, NC 28034-1773 | **Chris Brooks** chris@productive-tool.com 704-922-5219 | **Accounts payable outstanding** | | | | $233,037.82 |
| **Puliz Moving & Storage** 1095 Standard Street Reno, NV 89506-8663 | **Greg Puliz** (775) 322-7029 | **Accounts payable outstanding** | | | | $199,118.87 |

Debtor **Schletter Inc.**  Case number *(if known)*
       Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Sam Logistica II 223 Paulin Av PMB 5378 Calexico 92231 Mexico | SAMLOGISTICA2@PRODIGY.NET.MX 011-52-686-564-8485 | Accounts payable outstanding | | | | $161,130.00 |
| Sunrise Import & Export LTD 6881 Chiswick Ct. New Albany, OH 43054-7604 | Sales Manager sales@sunriseimportexport.com 614-855-1607 | Accounts payable outstanding | | | | $173,577.60 |
| The Rosalinde Arthur Gilbert FDN 2730 Wilshire Blvd. #301 SANTA MONICA, CA 90403-4749 | Shel Katzer skatzer@thegilbertfoundation.org 310-449-4500 | Real property lease | Unliquidated Subject to Setoff | | | $250,294.16 |
| US Customs and Border Protection Import Compliance 477 Michigan Ave Detroit, MI 48226 | (313) 442-0240 | Import claims | Contingent Unliquidated Disputed | | | $316,150.99 |
| Western Extrusions 1735 Sandy Lake Road Carrollton, TX 75006-3612 | (972) 245-7515 | Accounts payable outstanding | | | | $256,170.94 |

# United States Bankruptcy Court
## Western District of North Carolina

In re  **Schletter Inc.**  
Debtor(s)

Case No. _____  
Chapter **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Schletter Beteiligungs GmbH & Co. KG**<br>Alustr. 1<br>Kirchdorf, 83527<br>Germany | | | **95 percent direct owner of Schletter Inc.** |
| **Schletter GmbH**<br>Alustr 1<br>Kirchdorf, 83527<br>Germany | | | **99.99 percent owner of Schletter Beteiligungs GmbH** |
| **Schletter Holding GmbH & Co KG**<br>Oskar-von-Miller-Ring 34-36, 80333 Münch<br>Germany | | | **94.9 percent holder of Schletter Unternehmen GmbH & Co. KG** |
| **Schletter Unternehmen GmbH & Co. KG**<br>Alustr. 1<br>Kirchdorf, 83527<br>Germany | | | **100 percent owner of Schletter GmbH** |
| **Schneider & Geiwitz Verwaltungs-GmbH**<br>Wirtschaftsprüfer Steuerberater Rechtsan<br>Bahnhofstraße 41<br>D-89231 Neu-Ulm<br>Germany | | | **Majority holder of Schletter Holding GmbH & Co KG** |
| **Schneider Geiwitz Beratungs GmbH & Co KG**<br>Wirtschaftsprüfer Steuerberater Rechtsan<br>Bahnhofstraße 41<br>D-89231 Neu-Ulm<br>Germany | | | **100 percent holder of Schneider & Geiwitz Verwaltungs-GmbH** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **President and CEO** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  **April 24, 2018**  

Signature  **/s/ Russell Schmit**  
Russell Schmit

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## Western District of North Carolina

In re  **Schletter Inc.**  
                  Debtor(s)

Case No.  
Chapter  **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **Schletter Inc.**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Schletter Beteiligungs GmbH & Co. KG**  
**Alustr. 1**  
**Kirchdorf, 83527**  
**Germany**

**Schletter GmbH**  
**Alustr 1**  
**Kirchdorf, 83527**  
**Germany**

**Schletter Holding GmbH & Co KG**  
**Oskar-von-Miller-Ring**  
**34-36, 80333 Münch**  
**Germany**

**Schletter Unternehmen GmbH & Co. KG**  
**Alustr. 1**  
**Kirchdorf, 83527**  
**Germany**

**Schneider & Geiwitz Verwaltungs-GmbH**  
**Wirtschaftsprüfer Steuerberater Rechtsan**  
**Bahnhofstraße 41**  
**D-89231 Neu-Ulm**  
**Germany**

**Schneider Geiwitz Beratungs GmbH & Co KG**  
**Wirtschaftsprüfer Steuerberater Rechtsan**  
**Bahnhofstraße 41**  
**D-89231 Neu-Ulm**  
**Germany**

☐ None [*Check if applicable*]

**April 24, 2018**  
Date

/s/ Hillary Crabtree  
**Hillary Crabtree NC 26500**  
Signature of Attorney or Litigant  
Counsel for   **Schletter Inc.**  
**Moore & Van Allen PLLC**

**100 N. Tryon Street**
**Suite 4700**
**Charlotte, NC 28202**
**704-331-1000 Fax:704-339-5968**
**hillarycrabtree@mvalaw.com**