# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No.:  18-40169** |
| **SCHLETTER, INC.,** | ) | **Chapter 11** |
| | ) | |
| | ) | |
| _____ **Debtor(s)** _____ | ) | |

### *EX PARTE* APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SCHLETTER, INC. FOR AN ORDER AUTHORIZING IT TO RETAIN AND EMPLOY JD THOMPSON LAW AS LOCAL COUNSEL AS OF MAY 15, 2018

The Official Committee of Unsecured Creditors of Schletter, Inc. (the "Committee") appointed on May 10, 2018 (the "Appointment Date"), in the above-captioned chapter 11 case of Schletter, Inc. (the "Debtor"), hereby submits this application (the "Application") for entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the retention and employment of the law firm of JD Thompson Law ("JDT Law") as local counsel to the Committee as of the Appointment Date, pursuant to sections 328(a) and 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2014-1 and 2016-1 of the Rules of Practice and Procedure of the United States Bankruptcy Court for the Western District of North Carolina (the "Local Rules"), and consistent with the Guidelines for Compensation and Expense Reimbursement of Professionals issued by this Court (the "Compensation Guidelines"). In support of this Application, the Committee submits the declaration of Linda W. Simpson (the "Simpson Declaration"), attached hereto as Exhibit B.  In further support of this Application, the Committee states as follows:

## JURISDICTION AND BASIS FOR RELIEF

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief sought are Bankruptcy Code Sections 328(a) and 1103(a), Bankruptcy Rule 2014, and Local Rules 2014-1, 2016-1, and 9013-1(f)(8).

## BACKGROUND

3.      On April 24, 2018 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of title 11 of the Bankruptcy Code.

4.      The Debtor continues to control its business and manage its property as Debtor-in-Possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Chapter 11 Case.

5.      On May 10, 2018 (the "Formation Date"), this Court entered an Order Appointing Official Committee of Unsecured Creditors [Docket No. 73].  The Committee is comprised of the following:

(a)      Champion Tooling & Machining;
(b)      Crowe Logistics LLC;
(c)      MI Metals, Inc.;
(d)      Puliz Moving & Storage;
(e)      Coilplus, Inc.;
(f)      Joseph T. Ryerson & Son, Inc.; and
(g)      PLS Logistics Services, Inc.

Coilplus, Inc. was elected the chairperson of the Committee.

5.      On May 10, 2018, the Committee selected Lowenstein Sandler LLP as its lead counsel and on May 15, 2018 selected JDT Law as its local North Carolina counsel.

## RELIEF REQUESTED

6.        By this Application, the Committee seeks to employ and JDT Law as of May 15, 2018 to represent the Committee in this Chapter 11 Case as Committee local counsel. Accordingly, the Committee respectfully requests entry of an order pursuant to Bankruptcy Code Sections 328(a) and 1103(a) and Local Rules 2014-1, 2016-1, and 9013-1(f)(8), in substantially the form attached hereto as Exhibit A, authorizing the Committee to jointly employ and retain JDT Law as its local legal counsel in this Chapter 11 Case.

## QUALIFICATIONS OF JDT LAW

7.        The Committee seeks to retain JDT Law as local counsel because of JDT Law's extensive experience, knowledge, and expertise in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code; experience in Creditor Committee representation and their familiarity with this Court and the practice before it.  JDT Law jointly has the ability to respond quickly to emergency hearings and other emergency matters in this Court due to its proximity to the Court.  Furthermore, JDT Law's appearance before this Court for certain miscellaneous applications, motions, and other matters in these chapter 11 case will be more efficient and cost effective for the estate in this case.

8.        The attorneys in JDT Law are duly admitted to practice in the Bankruptcy Court for the Western District of North Carolina.

## SERVICES TO BE PROVIDED

9.        The professional services that JDT Law are to render as counsel to the Committee include, without limitation:

a.        assisting and advising the Committee in its consultations with the Debtor and other parties in interest relative to the overall administration of the estate;

b.      assisting the Committee in analyzing the claims of the Debtor's creditors and the Debtor's capital structure and in negotiating with holders of claims and equity interests;

c.      assisting the Committee with the analysis of the Debtor's pre-petition debt and negotiations with the Debtor and the holders of such secured debt regarding the Debtor's financing and use of cash collateral;

d.      representing the Committee at hearings to be held before this Court or Federal District Court or any appellate courts in this and related cases and communicating with the Committee and lead counsel regarding the matters heard and issues raised as well as the decisions and considerations of this Court and any other courts;

e.      assisting and advising the Committee in its examination and analysis of the Debtor's conduct and financial affairs;

f.      reviewing and analyzing applications, orders, operating reports, schedules and statements of affairs filed and to be filed with this Court by the Debtor or other interested parties in this case; advising the Committee as to the necessity and propriety of the foregoing and their impact upon the case generally; and after consultation with and approval of the Committee, or its designee(s), consenting to appropriate orders on its behalf or otherwise objecting thereto;

g.      assisting the Committee and lead counsel in preparing appropriate legal pleadings and proposed orders as may be required in support of positions taken by the Committee and preparing witnesses and reviewing documents relevant thereto;

h.      assisting the Committee in its investigation of the liens and claims of the holders of the Debtor's pre-petition debt and the prosecution of any claims or causes of action revealed by such investigation;

i.      assisting the Committee in its analysis of, and negotiations with, the Debtor or any third party concerning matters related to, among other things, financing and use of cash collateral, the assumption or rejection of certain leases of nonresidential real property and executory contracts, asset dispositions, financing of other transactions and the terms of one or more plans of reorganization for the Debtor and accompanying disclosure statements and related plan documents;

j.      assisting the Committee in requesting the appointment of a trustee or an examiner should such action be necessary;

k.      assisting and advising the Committee with regard to its communications to unsecured creditors regarding significant matters in this Chapter 11 case;

l.      assisting the Committee and lead counsel generally by providing such other services as may be in the best interest of the creditors represented by the Committee;

m.      assisting and advising the Committee and lead counsel with regard to the local rules and practice of this Court and the United States District Court for the Western District of North Carolina; and

n.      performing such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

10.      Lowenstein Sandler and JDT Law will work under the direction of the Committee.  The Committee is committed to minimizing duplication of services in order to, among other things, manage professional costs.  To that end, JDT Law is prepared to work closely with Lowenstein Sandler to ensure that there is no unnecessary duplication of effort or cost.

<u>REPRESENTATONS REGARDING CONFLICTS</u>

11.      Based upon the Simpson Declaration on behalf of JDT Law (the "Declaration") attached hereto as Exhibit B, except as disclosed therein, it does not appear to the Committee that JDT Law has had or presently has any connection with the Debtor, any of the Debtor's creditors, or any other party in interest in the Case, or their respective attorneys. Because the Debtor has only recently filed their bankruptcy schedules and statements, JDT Law reserves the right to amend, modify or supplement the Application and/or the Declarations.

12.     Neither JDT Law nor any of its members hold any equity interest in the Debtor.

13.     Based on the foregoing and having reviewed the Declarations, the Committee does not believe that JDT Law and/or any member or associate thereof represents any interest adverse to the Debtor, the Debtor's estate, or the Committee in the matters upon which the law firm is to be engaged for the Committee, and that their employment would be to the best interest of this estate.

14.     The Committee believes that JDT Law and its members are "disinterested persons" as that term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1103 of the Bankruptcy Code and applicable Bankruptcy Rules.

<u>COMPENSATION FOR REPRESENTATION</u>

19.     JDT Law has advised the Committee that they intend to apply for compensation for professional services rendered and reimbursement of expenses incurred in accordance with Bankruptcy Code Sections 330 and 331, and applicable provisions of the Bankruptcy Rules, the Local Rules, the Compensation Guidelines issued by this Court, and any other applicable procedures and orders of the Court.  Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Compensation Guidelines issued by this Court, the Committee requests that JDT Law be compensated on an hourly basis, plus reimbursement of expenses as set forth herein, in accordance with the negotiated rates in effect on the date the services are rendered.

20.     It is anticipated that the primary attorneys who will represent the Committee are Judy D. Thompson (whose proposed discounted hourly rate is $585), and Linda Simpson (whose discounted hourly rate is $450).  The discounted paralegal rate for Susan Black is $180.

21.     It is the policy of JDT Law to assess a flat rate administrative expense charge of $15 per hour for each reported hour worked in lieu of tracking and charging traditional smaller pass through expenses such as long-distance telephone charges, photocopying, postage, facsimile and other typical administrative expenses and electronic research costs.   Extraordinary disbursements made to third parties such as special postage for mass mailings, third-party delivery charges, travel, bulk copying jobs performed by third-parties, filing fees, witness fees and other advanced expenses will be itemized and passed on to the Committee on the invoice. JDT Law has informed the Committee that their hourly rates are subject to periodic adjustment in accordance with established billing practices and procedures.

22.     Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis.  11 U.S.C. § 328(a).  The Committee believes that the hourly rates and expense policies of JDT Law, which are applied to other firm clients, constitute fair and reasonable terms and conditions for the retention by the Committee of JDT Law as local counsel in accordance with Bankruptcy Code Section 328(a).

23.     The Committee requests that JDT Law be allowed compensation for its services and reimbursement for its expenses in accordance with Bankruptcy Code Sections 330 and 331 and Bankruptcy Rule 2016 upon submission of appropriate applications therefor in compliance with all applicable orders, rules, and guidelines, subject to the review and approval of this Court.

<u>NOTICE</u>

24.     Pursuant to Local Bankruptcy Rule 9013-1(f), the Committee seeks approval of this Application on an ex parte basis.  In accordance with the *Order Establishing Notice Procedures* [Docket No. 55] the Committee has served a copy of this Application on the "Master

Service List" described in that Order and attached hereto as Exhibit C.  In light of the nature of the relief requested, the Committee submits that no further notice is necessary.

25.     No previous application for the relief sought herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Committee respectfully requests that an Order be entered authorizing

it to employ JD Thompson Law to represent it as local counsel in this Case, effective as of May

15, 2018, and providing the Committee such other and further relief as the Court may deem just

and proper.

Dated: June 4, 2018                        Respectfully submitted,

                                           **The Official Committee of Unsecured
                                           Creditors of Schletter, Inc.**

                                           By: _____
                                               Christopher Urgo of Coilplus, Inc., solely
                                               in its capacity as Chair of the Committee
                                               and not in its individual capacity

EXHIBIT A

PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No.:  18-40169** |
| **SCHLETTER, INC.,** | ) | **Chapter 11** |
| | ) | |
| | ) | |
| _____Debtor(s)_____ | ) | |

**[PROPOSED] ORDER APPROVING THE EMPLOYMENT OF
JD THOMPSON LAW AS LOCAL COUNSEL FOR
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Upon the application (the "Application")[1] of the Official Committee of Unsecured

Creditors of Schletter, Inc. (the "Committee") by its Chair, Coilplus, Inc., for entry of an order

(this "Order") authorizing the retention and employment of the law firm of JD Thompson Law

("JDT Law") as its local counsel in connection with the chapter 11 case of Schletter, Inc. (the

"Debtor"); it appearing that this Court has jurisdiction to consider the Application pursuant to 28

U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28

U.S.C. § 157(b); and upon the Simpson Declaration (the "Declaration"); and this Court being

satisfied based on the representations made in the Application, and the Declaration that (a) JDT

Law is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code,

(b) JDT Law does not represent any person or entity having an interest adverse to the Committee

---

[1]  Capitalized terms used herein and not otherwise defined shall has the meanings ascribed to them in the Application.

in connection with this chapter 11 case, (c) JDT Law does not hold or represent an interest

adverse to the interests of the Debtor's estate with respect to matters on which JDT Law is

employed, (d) JDT Law has no connection to the Debtor, its creditors or any other party in

interest except as disclosed in the Declaration and (e) the retention and employment of JDT Law

as local counsel to the Committee, is reasonable, necessary and appropriate and is in the best

interests of the Committee; and this Court having found that notice of the Application was

sufficient under the circumstances, and that, except as otherwise ordered herein, no other or

further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED as set forth herein.

2.      In accordance with Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy

Rules 2014 and 2016 and Local Bankruptcy Rules 2014-1 and 2016-1, the Committee is hereby

authorized to employ and retain JDT Law as its local counsel in the above-captioned chapter 11

case on the terms and conditions set forth in the Application and the Declaration.

3.      JDT Law is authorized to render the professional services set forth in the

Application.

4.      JDT Law shall use reasonable efforts to avoid any duplication of services

provided by any of the Committee's other retained professionals in this chapter 11 case.

5.      This Order shall be immediately effective and enforceable upon its entry.

6.      Pursuant to Local Bankruptcy Rule 9013-1(f), any party shall be entitled to

request a hearing or request that the Court reconsider entry of this Order by filing a motion for

reconsideration within 14 days of service of this Order.

7.     The Committee and JDT Law are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8.     To the extent the Application or the Declaration are inconsistent with the terms of this Order, the terms of this Order shall govern.

9.     This Court shall retain exclusive jurisdiction over all matters pertaining to this Order and the Application.

| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of this Order. | United States Bankruptcy Court Western District of North Carolina |
|---|---|

## EXHIBIT B

DECLARATION OF LINDA W. SIMPSON

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) **Case No.: 18-40169** |
| **SCHLETTER, INC.,** | ) **Chapter 11** |
| | ) |
| | ) |
| Debtor(s) | ) |

## DECLARATION OF LINDA W. SIMPSON IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SCHLETTER, INC. FOR AN ORDER AUTHORIZING IT TO RETAIN AND EMPLOY JD THOMPSON LAW AS LOCAL COUNSEL

Linda W. Simpson, hereby makes this Declaration pursuant to 28 U.S.C. § 1746 and states:

1.      I am a member of the firm of JD Thompson Law ("JDT Law" or the "Firm") and have been duly admitted to practice in the State of North Carolina and the United States District Court for the Western District of North Carolina.  This Declaration is submitted in support of the Ex Parte Application of the Official Committee of Unsecured Creditors of Schletter, Inc. for an Order Authorizing it to Retain and Employ JD Thompson Law as Local Counsel as of May 15, 2018 (the "Application"), in compliance with and to provide disclosure pursuant to sections 329 and 504 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Western District of North Carolina (the "Local Rules").  Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth.  To the extent that any information disclosed herein requires amendment or modification upon JDT Law's completion of further analysis, or as additional creditor information becomes available to it, a supplemental to this Declaration will be submitted to the Court.

2.      JDT Law is well qualified to serve as local counsel to the Committee in this chapter 11 case.  The attorneys of JDT Law have extensive experience, knowledge, and expertise in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code; extensive experience in Creditor Committee representation; and great familiarity with this Court and the practice before it.

3.      JDT Law will provide advice to the Committee consistent with its direction, that of lead counsel and any order issued by the Bankruptcy Court.  Specifically, JDT Law will provide the following professional services to the Committee:

    a. assisting and advising the Committee in its consultations with the Debtor and other parties in interest relative to the overall administration of the estate;

    b. assisting the Committee in analyzing the claims of the Debtor's creditors and the Debtor's capital structure and in negotiating with holders of claims and equity interests;

    c. assisting the Committee with the analysis of the Debtor's pre-petition debt and negotiations with the Debtor and the holders of such secured debt regarding the Debtor's financing and use of cash collateral;

    d. representing the Committee at hearings to be held before this Court or Federal District Court or any appellate courts in this and related cases and communicating with the Committee and lead counsel regarding the matters heard and issues raised as well as the decisions and considerations of this Court and any other courts;

    e. assisting and advising the Committee in its examination and analysis of the Debtor's conduct and financial affairs;

    f. reviewing and analyzing applications, orders, operating reports, schedules and statements of affairs filed and to be filed with this Court by the Debtor or other interested parties in this case; advising the Committee as to the necessity and propriety of the foregoing and their impact upon the case generally; and after consultation with and approval of the Committee or its designee(s), consenting to appropriate orders on its behalf or otherwise objecting thereto;

g.  assisting the Committee and lead counsel in preparing appropriate legal pleadings and proposed orders as may be required in support of positions taken by the Committee and preparing witnesses and reviewing documents relevant thereto;

h.  assisting the Committee in its investigation of the liens and claims of the holders of the Debtor's pre-petition debt and the prosecution of any claims or causes of action revealed by such investigation;

i.  assisting the Committee in its analysis of, and negotiations with, the Debtor or any third party concerning matters related to, among other things, financing and use of cash collateral, the assumption or rejection of certain leases of nonresidential real property and executory contracts, asset dispositions, financing of other transactions and the terms of one or more plans of reorganization for the Debtor and accompanying disclosure statements and related plan documents;

j.  assisting the Committee in requesting the appointment of a trustee or an examiner should such action be necessary;

k.  assisting and advising the Committee with regard to its communications to unsecured creditors regarding significant matters in this Chapter 11 case;

l.  assisting the Committee and lead counsel generally by providing such other services as may be in the best interest of the creditors represented by the Committee;

m.  assisting and advising the Committee and lead counsel with regard to the local rules and practice of this Court and the United States District Court for the Western District of North Carolina; and

n.  performing such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

4.     JDT Law will coordinate its work in this chapter 11 case with other professionals retained by the Committee to avoid duplication of work.

5.      Neither I, the Firm, nor any members, counsel, or associate thereof, insofar as I have been able to ascertain, has any connection with the above-captioned Debtor, its creditors, or any other parties in interest herein other than that disclosed in the preceding paragraph.

6.      JDT Law undertook to determine whether it had any contacts or relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtor's estate and the interests of the Committee with respect to the matters on which it will be engaged. JDT Law has reviewed the names of the individuals and entities that may be parties in interest in this chapter 11 case and such parties are listed on **Schedule 1** attached hereto (the "Potential Party List").  JDT Law does not represent the Debtor nor any of the Debtor's current officers or directors.  JDT Law has no connection with the Debtor, its attorneys, its creditors, or any other parties in interest, the Bankruptcy Administrator, any person employed by the Office of the Bankruptcy Administrator, or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Western District of North Carolina.

7.      To the best of my knowledge JDT Law is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its members, counsel, and associates:

(a)      are not creditors, equity security holders, or insiders of the Debtor;

(b)      are not and were not investment bankers for any outstanding security of the Debtor;

(c)      are not and have not been, within three (3) years before the date of the filing of the Debtor's chapter 11 petition, (i) investment bankers for a security of the Debtor or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtor; and

(d)      are not and were not, within two (2) years before the date of the filing of the Debtor's chapter 11 petition, a director, officer, or employee of the Debtor or of any investment banker as specified in subparagraph (b) or (c) of this paragraph.

8.      JDT Law will submit applications to the Court for compensation for professional services rendered and reimbursement of expenses incurred in accordance with Bankruptcy Code Sections 330 and 331, and applicable provisions of the Bankruptcy Rules, the Local Rules, the Compensation Guidelines issued by this Court, and any other applicable procedures and orders of the Court.

7.      JDT Law's hourly (negotiated discounted) rates are as follows:

    Judy Thompson - $585.00;
    Linda Simpson - $450.00;
    Paralegal support - $180.00.

8.      The hourly rates referenced above are subject to periodic adjustments to reflect economic and other conditions.  JDT Law will advise the Debtor, the Committee and the Office of the Bankruptcy Administrator of any increases in its hourly rates.

9.      The referenced hourly rates are the Firm's discounted hourly rates for work of this nature.  These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals.   It is JDT Law's policy to include a flat rate administrative expense charge of $15 per hour for each reported hour worked in lieu of tracking and charging traditional smaller pass through expenses such as long-distance telephone charges, photocopying, postage, facsimile and other typical administrative expenses and electronic research costs.  Extraordinary disbursements made to third parties such as special postage for mass mailings, third-party delivery charges, travel, bulk copying jobs performed by third-parties, filing fees, witness fees and other advanced expenses will be itemized and passed on to the Committee on the invoice. The Firm has found that the use of this flat rate allows the firm to pass on the savings of economies of scale it can take advantage of, thereby reducing the overall cost to the estate, and assess expenses more immediately keeping expenses more proportional to the bill.

10.    The fees and expense reimbursement provisions described above are consistent with normal and customary billing practices for cases of this size and complexity that require the level and scope of services outlined.  JDT Law also believes that the foregoing compensation arrangements are both reasonable and below market.

11.    No promises have been received by the Firm or by any member, counsel or associate thereof as to compensation in connection with this Case, other than in accordance with the provisions of the Bankruptcy Code.  The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with this chapter 11 case.

I certify under penalty of perjury under the laws of the United States that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated:   June 4, 2018                .

                                        */s/ Linda W. Simpson*
                                        Linda W. Simpson

<u>EXHIBIT C</u>

MASTER SERVICE LIST
*Order Establishing Notice Procedures* (5/7/2018)

(i)     the Office of the United States Bankruptcy Administrator for the Western District of North Carolina;

(ii)    Debtor and counsel to Debtor;

(iii)   counsel for the committee of general unsecured creditors appointed in this Chapter 11 Case;

(iv)    those persons who have formally appeared and requested service in this case pursuant to Bankruptcy Rule 2002 (the "2002 List Parties");

(v)     the Foreign Representative and counsel for the Foreign Representative in the Chapter 15 Proceeding;

(vi)    counsel for MidCap, counsel for Hynes and counsel for Capital Equipment Solutions;

(vii)   Securities & Exchange Commission, Attn: Office of Reorganization, 950 East Paces Ferry Road, N.E., Suite 900, Atlanta, GA 30326; and

(viii)  U.S. Department of the Treasury by service upon the Internal Revenue Service, Attn: Centralized Insolvency Operation, 2970 Market St., Philadelphia, PA 19104

**SCHEDULE 1**

**LIST OF INTERESTED PARTIES**

**Debtors and related entities**
Schletter, Inc.
Schletter Beteiligungs GmbH & Co KG
Schletter GmbH
Schletter Holding GmbH & Co KG
Schletter Incorporated
Schletter Metal Works
Schletter Solar Mounting Systems
Schletter Unternehmen GmbH & Co KG
Schneider & Geiwitz Verwaltungs-GmbH
Schneider Geiwitz Beratungs GmbH & Co KG

**Debtor's Counsel/ Counsel for Foreign Representative**
Moore & Van Allen, PLLC
DLA Piper (US)
McGuire Woods

**Secured Creditors (not an admission of extent or validity of any lien or security interest)**
Hynes Industries, Inc.
Hynes Kokomo, LLC
Capital Equipment Solutions
Midcap Financial Trust
The Rosalind and Arthur Gilbert Foundation

**Creditors**
American Roll Formed Products Corp.
American Express
AVA Logistics
Champion Tooling & Machining
Coilplus-North Carolina Inc
Crowe Logistics LLC
Gayk Baumaschinen
Joseph T. Ryerson & Sons, Inc.
Kloechkner Metals
MI Metals
Ningbo Zyco Co., Ltd.
OMCO Solar, LLC
Orrick, Herrington & Sutcliffe, LLP
PLS Logistics Services, Inc.
Productive Tool Corp.
Puliz Moving & Storage
Sam Logistica II
Sunrise Import & Export Ltd.
U.S. Customs and Border Protection
Western Extrusions